UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| KEVIN FRALEY, | |
| Petitioner, | Civil Action No. 09-82-KKC |
| v. | |
| J.C. ZUERCHER, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Kevin Fraley is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. Fraley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 5]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his Petition, Fraley alleges that in 2007 he pled guilty to attempted robbery in the District of Columbia Superior Court and was sentenced to a 24-month term of incarceration and a 3-year term of supervised release. Fraley further alleges that although his prison sentence was satisfied on November 6, 2008, the warden has refused to release him. Fraley asserts that the prison's administrative remedy process is not "available" to him to exhaust because his sentence has expired and he is therefore not in

"custody."

Federal courts require prisoners wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust their administrative remedies before doing so. *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004); *Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001). Fraley asserts that, because his federal sentence has expired, he is no longer in federal "custody," and hence the BOP's administrative remedy process is not "available" for him to exhaust. As this Court has recently noted in another case asserting an identical claim, the Bureau of Prisons' Administrative Remedy Program "applies to all inmates in institutions operated by the Bureau of Prisons." BOP Program Statement 1330.16 § 1.b (2007). Because Fraley is physically confined in a BOP facility, by its terms the remedy procedure is available to him. *Kibler v. Zuercher*, 09-83-KKC, Eastern District of Kentucky. If Fraley can demonstrate with appropriate evidence that the BOP will not permit him to file a formal grievance regarding this issue, the Court may revisit this issue. At this juncture, however, Fraley's admitted failure to exhaust his administrative remedies requires the Court to deny the petition.

Accordingly, **IT IS ORDERED** that:

1. Fraley's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 30th day of July, 2009.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**